B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Stern, Amy B.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Amy Stern; AKA Amy Beth Stern; FKA Amy B. Weinzweig; FKA Amy Weinzweig; FKA Amy Beth Weinzweig** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all)<br>**xxx-xx-9133** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**141 Hibbard Road**<br>**Wilmette, IL**<br>ZIP Code **60091** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**     *** J. Kevin Benjamin, Esq. ***
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Stern, Amy B.** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:  **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ J. Kevin Benjamin, Esq.          December  4, 2013** <br> Signature of Attorney for Debtor(s)          (Date) <br> **J. Kevin Benjamin, Esq.** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): **Stern, Amy B.** |
|---|---|
| *(This page must be completed and filed in every case)* | |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Amy B. Stern**
Signature of Debtor  **Amy B. Stern**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**December  4, 2013**
Date

### Signature of Attorney*

X **/s/ J. Kevin Benjamin, Esq.**
Signature of Attorney for Debtor(s)

**J. Kevin Benjamin, Esq.**
Printed Name of Attorney for Debtor(s)

**Benjamin Brand, LLP**
Firm Name

**1016 W. Jackson Boulevard**
**Chicago, IL 60607-2914**
Address

**(312) 853-3100  Fax: (312) 577-1707**
Telephone Number

**December  4, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Amy B. Stern**                                                                                           Case No.
                                                Debtor(s)                                                          Chapter    **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

&#9633; Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

&#9633; Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

&#9633; Active military duty in a military combat zone.

&#9633; 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Amy B. Stern**
                      **Amy B. Stern**

Date:   **December  4, 2013**

# United States Bankruptcy Court
### Northern District of Illinois

In re **Amy B. Stern**  
Debtor(s)

Case No. _____  
Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,500.00** |
   | Prior to the filing of this statement I have received | $ **1,500.00** |
   | Balance Due | $ **0.00** |

2. $ **281.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☐ Debtor     ■ Other (specify):     **Larry Stern the father of the Debtor**

4. The source of compensation to be paid to me is:

   ☐ Debtor     ■ Other (specify):     **Per the Attached Attorney Client Retainer Agreement the pre-fling Classic Retainer was $1,500.00 and post filing its an hourly fee agreement.**

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **December 4, 2013**

**/s/ J. Kevin Benjamin, Esq.**
J. Kevin Benjamin, Esq.
Benjamin Brand, LLP
1016 W. Jackson Boulevard
Chicago, IL 60607-2914
(312) 853-3100   Fax: (312) 577-1707

# BENJAMIN BRAND, LLP

10172013

## CHAPTER 13 ATTORNEY CLIENT RETAINER AGREEMENT

This Agreement is executed in between Benjamin Brand, LLP ("Firm" or "Attorney"), and the undersigned ("Client" or "Debtor"), whether one or more parties filing individually or jointly, and collectively the "Parties," and contemplates potential bankruptcy related services, not contingent upon the filing of any petition for relief under Chapter 13 or any specific Chapter of the U.S. Bankruptcy Code ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), ONLY and no other services ("Bankruptcy Services"). Client has no obligation to proceed to file Chapter 13, or any chapter of bankruptcy.

This agreement will be deemed executed in the City of Chicago, County of Cook and State of Illinois and will at all times be construed and governed under the laws of said jurisdiction and venue by agreement of the parties. Attorney is knowledgeable in the fields of law to be dealt with in the performance of this Agreement and is experienced in bankruptcy practices under Title 11 of the USBC as well as Chapter 13 wager earner or reorganization Plans.

Client understands that some of the matters involved are complex and that further investigation by the Attorneys and/or other future events, may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. From time to time, strategies may be reevaluated and/or even abandoned entirely depending on, among other things, the information obtained by the Attorneys, and the reaction of the Clients' creditors to litigation brought by the Clients, and/or settlement proposals and negotiations.

The Attorneys are not obligated to undertake any representation or activity for Client, if in their sole professional judgment, is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise the Clients to settle any or all of Clients' particular matters in which they become involved.

The filing of a petition for relief under the bankruptcy code means that the Attorney has approved the filing and filed electronically in the appropriate US District Bankruptcy Court. An automatic stay will then be generated along with a bankruptcy case number. Until such time as Attorney confirms with Client that a petition has been filed and a bankruptcy case number generated, a case is NOT FILED and Client is not protected from any creditor actions or loss of property or assets as all creditor rights and actions will continue, including but not limited to, harassing phone calls, letters, utility shut-off's, wage or other garnishments, lawsuits, judgments, repossessions, citation to discover assets and similar proceedings, IRS or other taxing authority's actions will proceed.

It is Clients responsibility to notify Attorney of any critical dates, creditor actions or sale dates but notifying Attorney of critical dates or creditor actions is NOT enough. Notification of creditor actions or critical dates does not place any liability or burden upon Attorney to file any petition for relief. Client is advised that until the petition for relief is actually filed with the bankruptcy court, and a valid automatic stay entered and maintained, Client must personally, appear, attend and defend any type of litigation, legal proceedings, depositions, contempt of court hearings, Secretary of State actions on driver's licenses, any and all state and federal court proceedings, administrative type hearings, foreclosure proceedings or sales of property, citation to discover assets, notices, rules to show cause or any other civil, legal, municipal, chancery, traffic or criminal lawsuits, municipal hearings, and related hearings or proceedings as Attorney is not retained to represent Client in any other pending or future legal proceeding's, litigation or matter of any type and Attorney will NOT make any appearances on Clients behalf, nor monitor the progress or status of any case, nor communicate with opposing counsel or any other party on Clients behalf in said regard, or take any action outside of services described in this agreement. If the petition for relief is in fact filed by Attorney on behalf of Client, any appearances or communications with other parties are specifically limited to those related to the petition for relief as set forth specifically in this agreement, at which point communication to creditors and third parties may be limited to notification of the bankruptcy filing by Attorney or the Clerk of the United States Bankruptcy Court.

There is NO protection from any sale of property or any other creditor actions until a petition for relief is filed. No petition for relief will be filed until Attorney determines the eligibility of Client, that all fees, costs, expenses are paid to Attorney and the Clerk of the United States Bankruptcy Court, due diligence completed, requested documents received, reviewed and approved by Attorney and are deemed to be in proper order. Therefore until Client is informed a petition for relief has been filed on Clients behalf, and a case number given, Client understands there are no protections afforded them under the USBC, and all assets remain at risk, including but not limited to, real property, motor vehicles, wages, bank accounts until a petition for relief is filed. A petition for relief must be filed BEFORE any Garnishment, Repossession, Default Judgment, Lawsuit, or Trustee/Sheriff Sale occurs in order to stop any such creditor action. Once a property is sold a Chapter 13 filing will be too late. Even if the confirmation of the sale of the property has not yet occurred, a Chapter 13 filing will not enable the property to be returned, it will be too late.

The bankruptcy automatic stay of a foreclosure proceeding, which is not guaranteed in every Chapter 13, may only be temporary and brief, or not in existence at all in some circumstances as limitations exist if there is a prior bankruptcy filing(s), a prior court order to that affect, or otherwise limited or not granted under certain provisions of the USBC and Rules. If the automatic stay was in fact granted at the time of the filing of the petition for relief, the creditor may proceed with its foreclosure action upon the filing of a *Motion for Relief from Stay* (and the Bankruptcy Judge granting such relief to the moving party), to which Attorney may have no legal basis to stop or object to said motion. The automatic stay will also expire upon modification by the Court, dismissal of the Chapter 13 or once the Client receives a discharge or the bankruptcy case is administered and closed. Modification, termination, initial or non applicability of the automatic stay will result in the automatic stay not being in affect and foreclosure proceedings and all creditor's rights and enforcement actions may continue without further notice. The filing of a bankruptcy petition does not affect, freeze, nullify, stop or stay any criminal proceedings.

No petition for relief will be filed until Attorney determines eligibility and qualification of Client at the time of filing, that all attorney fees are paid in full in good and cleared funds plus all costs, expenses, due diligence expenses, required filing fee associated with the filing of the petition are paid to Attorney in full before the expiration of the payment term, due diligence is completed, requested documents received, reviewed and approved by Attorney and deemed to be in proper order, all credit counseling certificates are valid, all client prerequisites are complied with and Attorney satisfied a filing is in good faith.

Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money. Client has received a free consultation with no obligation to retain Attorney and the parties agree that the consultation time is now part of the Bankruptcy Services that have been performed.

Client desires to retain Attorney for specific legal representation as defined in this Agreement, and Attorney accepts such representation pursuant to the specific written terms of this Agreement. Now for and in consideration of the mutual promises exchanged herein under this Agreement, the Parties agree to as follows:

1. **Type of Legal Representation.** Client hereby retains and employs Attorney as Clients legal counsel to represent, advise and perform legal services for the Client on matters related to any reorganization, restructuring, workout agreement, bankruptcy proceeding, or similar transaction contemplated or entered into by Client, including the potential filing of a voluntary petition in the Northern District of Illinois under Chapter 13 of ("BAPCPA"). The Attorneys shall generally represent Client regarding Client's financial hardships in the hope of obtaining a workout or workouts with the Clients' creditors, and such other services as may prove related and/or incidental thereto and as specified in this Agreement. Attorney's advice and analysis is based upon current, local, state, and federal laws Attorney assumes no responsibility for any changes in laws should client delay the filing by not paying quickly and as agreed, providing required documentation, change in Clients circumstances, particularly the Client's current monthly income as defined by BAPCPA, does not substantially change prior to the filing of the petition for relief. When Attorney's services conclude, or upon conversion or dismissal of an active petition to another Chapter under the USBC, any unpaid fees and or additional fees for post petition legal services, shall be due and owing and payable immediately upon said conversion or dismissal. After your case is filed, unless otherwise instructed by this office, you must pay all taxes incurred after the date of filing (and file all necessary tax returns), and maintain any required insurance.
2. **Client Obligations, Representations of Good Faith and to Attorney.** Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. If false, incorrect or incomplete information is included, or information is omitted, it can cause Client additional effort and expense to remedy the error, may place the

 **Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 1 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]

_____
INITIALS

**B**ENJAMIN **B**RAND, LLP

bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be *complete and correct* to avoid any problems. Client will review all documents filed as part of the bankruptcy case, and Clients signature on those documents signifies that client has read them, understood them, and agrees with their contents. In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse. Client agrees to perform fully and conscientiously all the duties of a Debtor under the Bankruptcy Code, and shall timely, comply and communicate, with all reasonable requests for information or reports by the Bankruptcy Court, U.S. Trustee, any Creditor's Committee, and the Attorney. Client must preserve all records and documents related in any way to this matter, including all electronic documents and data. If Client should not act with absolute honesty and integrity with Attorney, or if Client becomes delinquent in the payment of their bills, then the Attorneys may either decline to represent the Clients or discontinue such representation immediately and in either such case, the Clients agree not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter. Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines or changes in the law.

3. **Asset and Liability lists.** It is Client's responsibility to disclose any ownership or interest in and prior ownership or interest in all assets, regardless of value or even if it does not show up on the consumer credit report or asset and lien search. Client may not "choose" what assets to include. This includes disclosing all bank and financial accounts to which Client is a signor regardless of Clients opinion that it is not Clients "account" or money. Client must disclose all Creditors, debts, liabilities and claims, regardless of amount, or the debt and Client may not omit any liability or potential creditor. This means they must include debts to friends, family members, "small" debts or debts that are not on the consumer credit reports, or debts they think no one else knows about, as well as all debts on student loans, state or federal taxes, property taxes, unsecured, secured debts, co-signor debts, joint debts, overpayment of government benefits and any other debts. Client must provide Attorney with all current and FULL addresses of creditors. If a creditors address is incorrect, if a Creditor is omitted or if there are multiple addresses for a creditor and the wrong one is used that creditor will NOT be deemed to have proper notice of the case, will not be discharged, and Client will remaining liable for those debts. If Client is not certain if they are liable on a debt they must list it for notice purposes only. If Client disputes a debt it must be listed and Attorney must be advised so it can properly be disclosed as a disputed debt. If a creditor is not listed, the debt to such creditor may not be discharged. Any asset sold or account closed the previous 12 months must be disclosed to Attorney and listed on Petition.

4. **Excluded Matters**. This agreement does not retain Attorney for any service(s) not specified herein. In the event Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement, a new and separate written retainer agreement specifying the specific representation would need to be executed between the parties prior to any such representation and additional attorney fees and costs will be due in advance and Attorney is not obligated to undertake such representation, unless required to do so under the local rules of the Bankruptcy Court or the USBC. Specifically and without limitation, this agreement does not retain Attorney for representation in any other chapter of bankruptcy; any adversary complaint, proceeding or contested matter; any foreclosure defense or related foreclosure actions; any appeal to be pursed related to the subject matter of this Agreement; any federal, state, local actions, divorce, foreclosure, traffic, drivers license, criminal court representation or related matters, administrative hearings, anything similar to these as clients are advised to attend all relevant court hearings unless advised otherwise in writing; or to have Attorney provide any accounting, bookkeeping or tax services, which remain the responsibility of Client. Furthermore, if Client desires to convert a filed petition to another chapter of the USBC (i.e. Chapter 7 or individual Chapter 11), the parties shall execute a new and separate retainer agreement setting forth the terms of such representation and additional attorney fees will be incurred, with any compensation paid to date under this agreement considered earned and may not be applied or credited to representation in a Chapter 7 proceeding or any other matter. Attorney shall be under no duty to prepare and file the necessary conversion until the new fee agreement has been signed and the agreed upon fees and associated costs paid and Client will remain obligated for any unpaid balance due on the Chapter 13 being converted in addition to the new legal fees and costs.

5. **Mortgage Related Matters.** It is understood that BAPCPA no longer allows for the restructuring or "Cram downs" of unsecured portions of residential mortgage liens. This agreement does not include representation in any type of loan workout or restructuring, loan modifications of any kind, mortgage loan forensic or securitization audits, mortgage securitization, any type of bankruptcy litigation related to the mortgage of any type, whether the are residential, investment or commercial types, unless at Attorney's sole discretion such an undertaken would be advisable post filing of a petition and subject to the hourly rates of Attorney.

6. **Filing of a Petition under BAPCPA and USBK**. The filing of a petition for relief under the bankruptcy code means that the Attorney has approved the filing and filed electronically in the appropriate US District Bankruptcy Court. An automatic stay will then be generated along with a bankruptcy case number. Until such time as Attorney confirms with Client that a petition has been filed and a bankruptcy case number generated, a case is NOT FILED and Client is not protected from any creditor actions or loss of property or assets. The filing of a bankruptcy petition does not affect, freeze, nullify, stop or stay any criminal proceedings.

7. **Venue for Filing.** This Agreement is subject to Client qualifying to file Chapter 13 in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement. In the event Venue changes before the filing of a petition for relief, for any reason, this agreement will conclude with all attorney fees being deemed earned.

8. **Chapter 13 Plan of Re-organization.** A chapter 13 bankruptcy or "wage earner's" plan is a personal reorganization/restructuring proceeding. It enables individuals with regular income to develop a plan to repay all or part of their debts, and is often used by individuals who do not qualify to file Chapter 7. Under a Chapter 13 debtors propose a repayment plan to make installments to creditors over three to five years. If the debtor's current monthly income is less than the applicable state median, the plan will be for three years unless the court approves a longer period "for cause." (1) If the debtor's current monthly income is greater than the applicable state median, the plan generally must be for five years. In no case may a plan provide for payments over a period longer than five years. 11 U.S.C. §1322(d). During this time the law forbids creditors from starting or continuing collection efforts without first being granted permission from the Bankruptcy Court. Not all creditors are always paid the same amounts or percentage, and some jurisdictions may require a minimum amount to be paid to unsecured creditors. The Trustee may require interest be paid as well based upon a variety of factors. The plan is subject to change at the trustee's meeting, before or after, confirmation since clients often do not know their total debts, & there can be disagreements with the creditors on what is owed or the nature of the debts. The Chapter 13 Plan must be filed either with the initial filing or within 14 days thereof but Clients payments to the Chapter 13 Trustee will begin not later then 30 days from the date the initial petition for relief is filed, whether the Plan is filed at that time or not. Clients may not wait until the initial meeting with the Trustee, or the Confirmation hearing to begin payments. If regular payments are not initiated and maintained the Chapter 13 Plan will be subject to dismissal and potential a bar order entered to prevent the client from refilling for a certain time. The minimum percentage to be paid to unsecured creditors, or a minimum monthly amount that may be required to be paid for the Plan is governed by the "means test". Client agrees to hold Attorney harmless for any changes in the means test results due to clients change in income, expenses, laws or other circumstances, that may change prior to a petition for relief being filed. Qualifying to file chapter 13 at the signing of this agreement does not mean client will qualify to file chapter 13 when the time to file arises. The Means Test results are subject to change due to changes in Clients situation, changes in laws, income, expenses, or IRS Standards, etc. If the Chapter 13 Plan to be proposed will only be feasible if a loan modification is agreed to Clients lender then Client agrees to cooperate with Attorney in any loan modification proposal Attorney handles for Client and Client agrees to execute any papers or agreements necessary for the submission of a loan modification including but not limited to the execution of a new and separate retainer agreement between Client an Attorney for said modification services, if Attorney requests a new and separate retainer agreement to be entered into.

9. **Chapter 13 Eligibility.** Any individual(s), even if self-employed or operating an unincorporated business, may be a debtor under Chapter 13, and eligible for chapter 13 relief, as long as of the date of the filing of the petition for relief, the individual's non-contingent, liquidated, unsecured debts are less than $383,175.00 and his/her/their non-contingent, liquidated, secured debts are less than $1,149,525.00. 11 U.S.C. § 109(e). These amounts are adjusted periodically to reflect changes in the consumer price index. A corporation or partnership may not be a chapter 13 debtor. An individual cannot file under chapter 13 or any other chapter if, during the preceding 180 days, a prior bankruptcy petition was dismissed due to the debtor's willful failure to appear before the court or comply with orders of the court or was voluntarily dismissed after creditors sought relief from the bankruptcy court to recover property upon which they hold liens. 11 U.S.C. §§ 109(g), 362(d) and (e). In addition, no individual may be a debtor under chapter 13 or any chapter of the Bankruptcy Code unless he or she has, within 180 days before filing, received credit counseling from an approved credit counseling agency either in an individual or group briefing. 11 U.S.C. §§ 109, 111. There are exceptions in emergency situations or where the U.S. trustee (or bankruptcy administrator) has determined that there are insufficient approved agencies to provide the required counseling. If a debt management plan is developed during required credit counseling, it must be filed with the court. These requirements are revised from time to time.

10. **Chapter 13 Discharge.** There is no immediate discharge. A chapter 13 debtor is entitled to a discharge upon completion of all payments under the chapter 13 plan so long as the debtor: (1) certifies (if applicable) that all domestic support obligations that came due prior to making such certification have been paid; (2) has not received a discharge in a prior case filed within a certain time frame (two years for prior chapter 13 cases and four years for prior chapter 7, 11 and 12 cases and exceptions exist where previous chapter 13 provided for 100% payment of allowed unsecured creditors; or plan provided for payment of at least 70% of such claims and was filed in good faith, and was the Clients best effort in accordance with Section 727(a)(9) U.S. Bankruptcy Code); and (3) has completed an approved course in financial management (if the U.S. trustee or bankruptcy administrator for the debtor's district has determined that such courses are available to the debtor). 11 U.S.C. § 1328. The court will not enter the discharge, however, until it



Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 2 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]

determines, after notice and a hearing, that there is no reason to believe there is any pending proceeding that might give rise to a limitation on the debtor's homestead exemption. 11 U.S.C. § 1328(h). The discharge releases the debtor from all debts provided for by the plan or disallowed (under section 502), with the exception of certain debts referenced in 11 U.S.C. § 1328. Creditors provided for in full or in part under the chapter 13 plan may no longer initiate or continue any legal or other action against the debtor to collect the discharged obligations. (a) Debts not discharged in chapter 13 may include certain long term obligations (such as a home mortgage), debts for alimony or child support, certain taxes, debts for most government funded or guaranteed educational loans or benefit overpayments, debts arising from death or personal injury caused by driving while intoxicated or under the influence of drugs, and debts for restitution or a criminal fine included in a sentence on the debtor's conviction of a crime. To the extent that they are not fully paid under the chapter 13 plan, the debtor will still be responsible for these debts after the bankruptcy case has concluded. Debts for money or property obtained by false pretenses, debts for fraud or defalcation while acting in a fiduciary capacity, and debts for restitution or damages awarded in a civil case for willful or malicious actions by the debtor that cause personal injury or death to a person will be discharged unless a creditor timely files and prevails in an action to have such debts declared non dischargeable. 11 U.S.C. §§ 1328, 523(c); Fed. R. Bankr. P. 4007(c). (b) Debts Dischargeable in a Chapter 13 but not in a Chapter 7 include debts for willful and malicious injury to property (as opposed to a person), debts incurred to pay non dischargeable tax obligations, and debts arising from property settlements in divorce or separation proceedings. 11 U.S.C. § 1328(a), (c) **Chapter 13 Hardship Discharge:** After confirmation of a plan, circumstances may arise that prevent the debtor from completing the plan. In such situations, the debtor may ask the court to grant a "hardship discharge." 11 U.S.C. § 1328(b). Generally, such a discharge is available only if: (1) the debtor's failure to complete plan payments is due to circumstances beyond the debtor's control and through no fault of the debtor; (2) creditors have received at least as much as they would have received in a chapter 7 liquidation case; and (3) modification of the plan is not possible. Injury or illness that precludes employment sufficient to fund even a modified plan may serve as the basis for a hardship discharge. The hardship discharge is more limited than the discharge described above and does not apply to any debts that are non dischargeable in a chapter 7 case. 11 U.S.C. § 523.

**11. Retainer.** Client will pay Attorney a pre-petition (pre-filing) retainer in the total amount that is specified in this Agreement, and in the following manner. 1) upon a pre-petition initial retainer; and if necessary (2) an additional pre-petition retainer due prior to the filing of any Chapter 13 petition. The type, definition and classification of each retainer are specifically defined in this Agreement. The Retainer quoted is an estimate based upon the information provided by Client to Attorney at the consultation and in the information intake forms, and clients duties and obligations as set forth in this agreement. Client grants Attorney a security interest through an attorney's lien on such funds paid to Attorney to the extent of Attorneys fees and costs. Upon the filing of the petition for relief the hourly rates will apply for any legal services performed and in accordance with the terms and conditions of this Agreement.

 **A.**  **Initial Retainer** ("the Initial Retainer" "IR"). Client retains Attorney by an initial pre-petition general or true retainer a/k/a as a *CLASSIC RETAINER*. This is not an advanced fee retainer, this is not a security retainer and this is not a flat fee retainer. Client expressly agrees to this type of retainer as described in *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.). The classic retainer is paid by Client to Attorney in order to ensure Attorney's availability during a specific time period or for a specific matter as is indicated in this Agreement. A classic retainer does not become property of the estate (except if successfully challenged as a preference) and does not require court approval. By Attorney's commitment of representation to ensure Attorney's availability to provide legal services related to the subject matter of this Agreement for the time period indicated in this Agreement, Client acknowledges Attorney is obligated to: (1) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (2) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (3) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests. This type of retainer is non-cancelable, non-refundable, earned immediately upon receipt and becomes property of the Attorney when paid, whether the Attorney subsequently represents the client during the specified time or not, and, regardless of whether the attorney ever actually performs any services for the client. In re McDonald Bros. Construction, Inc., 114 B.R. 989, 998 (Bankr.N.D.Ill.1990). Another important feature of a Classic Retainer is that the client retains no legal and no equitable interest in any payment after it is made to Attorney. See In re Pannebaker Custom Cabinet, 198 B.R. 453, 459 (Bankr.M.D.Pa.1996); In re McDonald Bros. Const., Inc., 114 B.R. 989, 998 (Bankr.N.D.Ill.1990); and 1 William L. Norton, Jr., Norton Bankruptcy Law & Practice 2d § 27:17.

  1.  **No Security Retainer**. Ordinarily, Clients have the option to request that the retainer be considered a "security retainer" where Clients continue to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the *Dowling* case to advise Clients of the reason they would decline to represent Clients on a security retainer bases, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients. This is advantageous to Clients in the Attorneys' opinion because the *Dowling* case makes specific reference to creditor problems as a reason justifying either the advance payment retainer or classic retainer over the security retainer.

  2.  **No Advance Fee Retainer**. Attorney will not undertake the representation of Client on an advanced fee retainer. The reasons Attorney would decline to represent Clients on a advanced fee basis include but are not limited to: (a) more time, effort and resources are expended upon representation of a Client pre-petition then almost all clients realize; (b) Attorney may begin its due diligence immediately and/or beginning drafting an initial petition and/or means test; (c) Attorney allow Client to refer creditors to Attorney and Attorney and Attorney's staff may be inundated by monthly or weekly calls of Clients creditors with Attorney expending resources in that regard; (d) Creditors may potentially stop contacting Client due to Attorneys representation leading Clients to think they have no liability or need to file and not understand the value of Attorneys representation; (e) the value of Attorney's pre-petition service is not always evident to Client and therefore hard to quantify; (f) Attorney does not want to give the false impression that Client may make payments on the retainer at their leisure with Attorney locked into a quoted Classic Retainer or that Client may contact Attorney at any time in the distant future and feel they can "pay the balance due" and have Attorney obligated to file a petition on behalf of Client as Attorney will not; (g) Attorney does not want to give the false impression that if the retainer is not paid in full and on time and a petition is not filed under the terms of this agreement, that Client reserves the option of having Attorney file a petition whenever Client may determine at some time in the future, because no option exists; and (h) Attorney has the right to determine how its attorney fee agreement will be structured and the manner in which it will offer its representation and Client has no obligation to enter into this agreement and to seek other Attorney's who may.

  3.  N**o Escrow of Retainer.** As the IR is not a security retainer no payment will be placed into any Attorney Client Trust Fund or Escrow Account. Attorney will hold no funds on behalf of Client. All compensation and payments received by Attorney on the IR will be placed into Attorney's general expense or operating type of account. Client has no interest in, or any legal or equitable claim, to any money forwarded or paid to Attorney on the IR.

  4.  **No Refund Policy**. Client maintains a contract right to the performance due from Attorney per this agreement, but that does not give rise to any property right by Client in the Classic Retainer used to secure Attorney's services. Thus, the Classic Retainer does not become property of the estate (except if successfully challenged as a preference), does not require court approval and is non refundable regardless of how, when or in what manner this matter may be concluded or this Agreement terminated.

  5.  **Filing Fee.** The Retainer does not include the $281.00 filing fee for a Chapter 7 or any costs, expenses or due diligence.

  6.  **Accounting for Initial Pre-Petition Classic Retainer.** Pre-Petition Attorney is retained under a Classic retainer and not retained on an hourly basis under this Agreement. Therefore Client expressly waives any rights to any accounting or monthly billing of time by Attorney for any legal services included in the Retainer and Attorney will not be keeping records of time spent on this matter. No time sheet or accounting of time will be required or provided unless requested by the Bankruptcy Court while the case is pending before it. In the event of any fee dispute the hourly rates of Attorney, which are currently $425.00 per hour for attorney time and $125.00 for paraprofessional time billed in 6-minute minimum increments will be applicable. Upon the filing of the petition for relief the hourly rates will apply for any legal services performed and in accordance with the terms and conditions of this Agreement.

  7.  **Contingency Fees.** Attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for a violation of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes or bankruptcy code violations. Attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for any reason including, but not limited to, a violation of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes, bankruptcy code violations, including recovery for actual damages, compensatory damages and/or punitive damage awards. In addition to the contingency fee Attorney has the right to seek additional attorneys fees to be paid by third parties at Attorney's discretion. In the event Attorney is awarded attorney fees to be paid by parties other then Client, be it by request of Attorney, a statutory award or any other reason, Attorney will retain 100% of any such award, in addition to the contingency fees as described herein or any other attorney fees it may be entitled to, including but not limited to legal fees granted by Statute or other.

 **B.**  **Additional Retainer.** Unless the Retainer quoted is paid in full at the execution of this Agreement, Client will pay a second and additional retainers ("the Additional Retainer" or "AR") in a manner specified in this Agreement and on or before the filing of any petition for relief under Chapter 13 of the USBC.

 **Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 3 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]    DS /aBS

12. **Court Approval of Fees Post Petition.** Upon the filing of the petition all fees included in this Agreement are subject to the control of the United States Bankruptcy Court for the District in which the petition was filed and the ultimate fees to be awarded Attorney for its representation may be approved by the Bankruptcy Court. Interim fee applications for compensation and reimbursement of expenses may be filed by the Attorney based upon its prevailing hourly rates (as previously indicated in this agreement), with the Bankruptcy Court to obtain authorization for further award and payment of fees and costs, and Client may be charged without any further notice and in the discretion of the Court for such services.  Interim applications are not made on a particular time basis but may be submitted at Attorney's discretion. Client agrees to pay any award of compensation or expenses upon the entry of a Court order authorizing such award and in accordance with the terms of the order awarding such fees and costs which may be added to your Plan per court order (unless paid directly by debtor or a third-party such as a creditor in a contested case) and may then be paid through and included in the Chapter 13 Plan.  It is possible that any additional fees and expenses added to your plan, or any proofs of claims from creditors with higher amounts claimed then were scheduled by Client, may result in an increase in your monthly plan payment or in an extension of the length of your Chapter 13 Plan or both.  Any subsequent increase in the base fees by the Court shall have no impact on the original base fee provided for in this Agreement and shall be deemed to immediately modify and amend the terms and conditions of this Agreement as to the legal fees due Attorney and shall be incorporated herein by this reference.

13. **Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.**  At Clients expense and in addition to the Retainer, Attorney is empowered to obtain information about Client's assets, credit, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information you provide to us. Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence. Thus Client shall be obligated to pay for the following costs as incurred and in advance of filing: (a) Pre-filing consumer credit counseling, which is a prerequisite to filing for bankruptcy relief; (b) post-filing debtor education instructional course concerning personal financial management, which is a prerequisite to obtaining a discharge of; (c) any consumer credit reports; (c) the costs of obtaining tax transcripts directly from the taxing authorities or from any third-party provider; (d) public record, asset, lien and investigative searches which could run several hundred dollars; (e) the cost of obtaining copies of judgments, deeds, deeds of trust, title certificates, court papers, county tax records, appraisals, (online appraisals, certified appraisals related to real estate or other assets), broker price opinions, auto valuations and other similar documents, if necessary; (f) prior court records from the PACER system; (g) any other records or statements not otherwise produced by Client; (h) administrative costs, i,e, postage, parking, local travel, messenger or other delivery services, limited to a flat fee of $100; (i) computer legal research; (j) anything Attorney deems appropriate; (k) cost of amended schedules or conversion to another chapter; (l) telecopying, photocopying and other reproduction costs; (m) filing fee; (n) monthly billing charges of a flat fee of $25.00; (o) outsourced petition preparation, online intake or documents collection services (p) merchant services charges; (q) Any fee related to any service notice providers, messenger fees, certified mail, registered mail, FedEx UPS or related overnight mail; (r) Attorney may also charge a Fee of $1.00 for each item noticed to each additional creditor as an expense for postage, copying and envelopes; and (s) outsourced petition preparation. Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing or any time in between.  These costs and expenses are not part of Attorney's overhead.

14. **Tax Refunds.**  If Client's petition for relief is being filed at any time during which Client is due a tax refund from any taxing entity, Client understands a Chapter 13 Trustee may demand turnover or forfeit of the tax refund, or any pro-rated amount, to be paid towards Clients Plan payments. The Standing Trustee may request/require all future tax refunds to be submitted to the Standing Trustee each year and failure to do so will result in the Chapter 13 being dismissed.   Attorney has advised client to adjust their withholding amounts prior to filing to avoid a tax refund, and to advise Attorney prior to filing.  Any adjustment must be disclosed and accounted for on the budget that is filed with a Chapter 13 and Client is responsible to make certain the filed budget is accurate and reflects any changes, before they sign off on the Petition, Plan and filing.  Client must file their tax returns each year they are in a Chapter 13 Plan of Reorganization as well as filing all their tax returns prior to filing a Chapter 13.

15. **Continuation of Payments to Secured Creditors.**  Client must continue to timely make the regular monthly payments directly to any secured creditor on any property that client intends to maintain (i.e. home mortgages, auto loans), both prior to filing or after filing.  Even if the payment to secured Creditor is to be included in the Plan client must make those payments directly prior to the filing of a petition for relief, since until that time any motor vehicle, real property, is subject to repossession, foreclosure proceedings, Sheriff or Trustee sales of properties or any creditor or collection activity.  Client assumes full responsibility to make certain these payments are made to any appropriate creditor prior to any filing of a petition.  Upon the filing for a petition for relief Client maintains full responsibility to make these payments directly to the Creditors unless the payment is included in the Plan of Reorganization that has actually been filed with the Court.

16. **Payroll Control.**   Client acknowledges Attorney's representation is specifically in consideration for client(s) consent to be placed on "payroll control" with the Standing Trustee, if allowed in the jurisdiction where the Plan is filed, consent which is hereby granted to Attorney by Client to have employers forward monthly (or other) payments to the Standing Trustee directly from Client(s) paycheck, and Clients consent to this arrangement. Client understands it is solely their responsibility to see that this payment is made.  Client understands the payment must be made directly by Client until Client sees it deducted automatically from their paycheck by the trustee.  Client must make certain any employer forwards the money withheld to the trustee on a regular basis. If the payroll deductions are not made the Client must make a direct payment to the Standing Trustee, or if the employer deducts funds but does not forward them to the trustee, Clients petition may be dismissed by the Court for non-payment.  Client waives any right to have their payroll order stopped without consent of Attorney.  It is also understood <u>all</u> current mortgage payments <u>and</u> auto payments will be included in the Chapter 13 payment to the trustee unless not allowed by local rules or procedures.

16. **Statute of Limitations and Tolling.**   It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

17. **Disclaimer of Guarantee.**  (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matte; (2) Firm has not made any promise or guarantee  to "save" any real property of Client, or that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property; (3) There are risks in filing for bankruptcy, including the possible liquidation or loss of property and Client understands that bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions; (4) In a Chapter 11 you cannot dismiss your case without prior Court approval, and the case can be converted to Chapter 7 without your approval; (5) Since approval of a Chapter 11 plan requires the consent of creditors, no guarantees or representations are made as to whether such approval will or can be obtained; (6) Legal services and proceedings are uncertain, and there are various interpretations and changes in the laws occur as well as unknown factors that may alter the outcome or results; (7) Client acknowledges there is NO GUARANTEE to the successful filing of a petition for relief under the USBC, or the defense of any motion to dismiss, modify the automatic stay, adversary proceeding or contested matter, and that there are, in fact, significant risks if a Standing Trustee, U.S. Attorney/Trustee or Creditor prevails in any action.

18. **Dishonored Payments.**  Attorney will charge Client $50.00 on all dishonored checks/payments returned NSF, Insufficient Funds or Account Closed, Payment Stopped, Unauthorized, etc. & will pay all fees/costs associated with collection, of said dishonored checks/payments.  If Client issues a check to Attorney that is not honored for any reason, and any dishonored payment is not immediately resolved by Client, this agreement will be deemed completed with all fees earned and Clients file closed automatically with or without notice.

19. **Payment Credits.**  All payments on account of the indebtedness represented by this Agreement shall be applied first to accrued and unpaid interest, late charges, collection fees, additional attorney fees and the remainder to principal on any Retainer fees, legal fees, cost reimbursement and finally filing fees.  The Filing Fee is not due until the petition is actually going to be filed and Client agrees to NOT pay that to Attorney in advance of filing.

20. **Receipt and Acknowledgement of Mandatory Notices and Disclosures**.  The Bankruptcy Code requires that Attorney provide mandatory notices and disclosures to you. Client has received, read, and understands the *Statement Mandated by Section 527(b) of the Bankruptcy Code and Notice to Clients Who Contemplate filing Bankruptcy*.  Those disclosures are incorporated by reference and made part of this Agreement.

21. **Method of Communications.**   Attorney works with its clients by office or phone appointment ONLY. Attorney cannot respond to repeated telephone inquiries, faxes, e-mails etc., about the status, progress or legal options in Clients case/petition.  Client must make an appointment whenever Client has questions and wishes to meet or speak with an attorney or representative of Attorney.  Neither the Attorney nor individuals of the Attorney will respond to fax inquires, text messages, twitter, Facebook or any social media. Attorney will communicate and notify Client of all hearings or requests by US Mail or e-mail and that Client must be mindful of reading all correspondences and e-mails from Attorney.  Attorney will not call client to remind them of any hearings, meetings, or court appearances.  Client authorizes Attorney to use its phone number, fax and/or email to voice broadcast and also contact me.  This also serves as Clients authorization to "opt in" to any Attorney list to receive e-mail notices and solicitations, etc. until said time as Client opts out.

22. **No Tax Advice.**   The Attorneys are **not** qualified tax advisors. The Attorneys are not rendering any advice as to the taxable consequences of any matter pertaining to their representation of the Clients. Whether or not the Attorneys do comment on any tax matter during the course of their representation as a matter of convenience or general discussion, the Clients will not rely on the Attorneys' tax comments and that the Clients is advised to seek all tax advice only from a qualified tax professional, certified public accountant or "tax lawyer" and not the Attorneys. Client represents that Client has access to such qualified tax advice from professionals other than the Attorneys.



Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States.  Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 4 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]

**B**ENJAMIN **B**RAND, LLP

23. **Legal Advice Regarding This Agreement.** The Attorneys are not representing the Clients regarding its entering this Agreement, nor are they rendering any legal advice to the Clients regarding same. The Clients acknowledges and represents that the Attorneys have advised it that it should retain its own independent legal opinion (meaning from legal counsel other than the Attorneys) regarding it entering this Agreement with the Attorneys, and that the Clients has indeed obtained that independent legal advice or has knowingly waived its right to obtain such independent advice. The Clients is strongly urged and entreated by the Attorneys to obtain such outside, independent, legal opinion of the lawyer or lawyers of its choice before entering this Agreement, and to have said independent attorneys make any inquiries regarding this Agreement as they may so desire.

24. **Agreement Complete.** This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement. The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein. In the event any provision hereof for any reason is illegal or unenforceable, the same shall not affect the validity of the remaining provisions. This Agreement may be signed in Counterparts and each of the terms and provisions of this Agreement are to be deemed severable in whole or in part, and if any term or provision or the application thereof in any circumstances should be invalid, illegal or unenforceable, the remaining terms & provisions or the application thereof to circumstances other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby and shall remain in full force & effect.

24. **Rule of Reasonableness.** This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Clients and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

25. **Consent to Jurisdiction and Services**. This Agreement shall be construed according to the laws of the State of Illinois, where it arose, and where it shall substantially or totally be performed. For these reasons, also, venue of any dispute arising out of this Agreement is hereby set exclusively in any Court having subject matter jurisdiction located in Cook County, Illinois, and the Parties agree to submit to the jurisdiction of any such Court. In no event shall any party to this Agreement contest the Jurisdiction or Venue of such courts over them with respect to such claims or disputes.

26. **File Ownership**. The file is the property of Attorney. Client may obtain a copy of the file copied by paying the estimated costs in advance. Client hereby authorize the secure destruction of your file 90 days after it is closed, and agree that Attorney shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of five years. All future work for you in other matters will be handled in accordance with this Agreement at our regular hourly rates unless otherwise agreed upon. Attorney may keep an electronic copy of the file, which will serve an original.

27. **Effective Date.** Client hereby waives any potential conflicts of interest by signing this Agreement. The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the initial Retainer.

28. **Penalty of Perjury.** CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN OUR PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMNET AND HEAVY FINES.

29. **Term of Pre-Petition Representation.** The Classic Retainer ensures Attorney's availability to advise and consult with Client or to perform legal services related to the subject matter of this Agreement for a period of 90 days from the date of this Agreement, after which this Agreement terminates with no further notice or obligations due from any of the parties, unless a Chapter 13 petition is in fact filed.

30. **Payment Term.**   The Retainer quoted is valid for a period of 90 days from the date of this Agreement and must be paid in full before the expiration of the payment term, after which date this Agreement terminates with no further notice or obligations due from any of the parties whether a Chapter 13 petition is filed or not. If the retainer fee is paid in full within the term and Client desires to have Attorney file a petition for Client, and assuming Client is qualified at the time to file, Client will have an additional 30 days to pay the filing fee and any costs or expenses due Attorney, and to provide Attorney will all requested documents in order for Attorney to file a petition for relief under Chapter 13 of BAPCPA for Client.

The Classic Retainer Agreed to under this Agreement is stated below. The balance of the legal fees to be taken post filing inside the Plan and in accordance with the terms and conditions of this Agreement. The retainer quoted below is the Pre-Petition Retainer required before a case will be filed and post filing will be disclosed to the Court. The Retainer fee is not a flat fee all inclusive Retainer as the amount of work required upon the filing of a Petition and over the life of a Chapter 13 Plan is hard to ascertain. Post filing during the life of the Plan additional attorney fees will be requested and awarded after Review and approval by the Bankruptcy Court, and paid by Court Order as part of the proceeds held by the Chapter 13 Trustee, for all work performed after filing.

|   |   |   |
|---|---|---|
| $ 1,500.00 |   | Classic Pre-Petition Retainer Fee due in full within the payment term per this Agreement before filing a petition (not including filing fee, due diligence or other costs/expenses as stated in this Agreement) |
| = $ 1,500.00 |   | Amount due on Classic Pre-Petition Retainer before the filing of any Chapter 13 Petition and Plan, plus the filing fee, due diligence or other costs/expenses as stated in this Agreement. |

Upon the filing of the petition for relief the hourly rates will apply for any legal services performed and in accordance with the terms and conditions of this Agreement. The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of <u>all FIVE pages</u> of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

In 2000, the U.S. Electronic Signatures in Global and National Commerce (ESIGN) Act established electronic records and signatures as legally binding, having the same legal effects as traditional paper documents and handwritten signatures. DocuSign warrants federal ESIGN Act compliance. DocuSign's advanced signature is legally admissible and enforceable in almost every civilized country in the world, which has adopted an electronic signature law, and the vast majority recognizes DocuSign's form of electronic signature as meeting the definition of a valid electronic signature. Any copy or reproduction of this Agreement shall have the same force and effect as an original.

DATED THIS 4th DAY OF December, 2013

| | |
|---|---|
| **CLIENT(S):** | **FIRM:** BENJAMIN BRAND, LLP, A debt Relief Agency |
| Client: _DocuSigned by: Amy B. Stern ACD4BD2B231640A..._ | |
| Print: Amy B. Stern | FOR FIRM: /s/ J. Kevin Benjamin, Esq. |
| Client: _____ | Print: J. Kevin Benjamin, Esq. |
| Print: _____ | |



**Benjamin Brand, LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 5 of 5 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 5]

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s) — Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Amy B. Stern**                                                            Case No.
                          Debtor(s)                                                Chapter  **13**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

**Certification of Debtor**

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Amy B. Stern** | X **/s/ Amy B. Stern**   **December 4, 2013** |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor   Date |
| Case No. (if known) | X |
|  | Signature of Joint Debtor (if any)   Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Amy B. Stern**

Debtor(s)

Case No.

Chapter   **13**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:   **16**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **December 4, 2013**

**/s/ Amy B. Stern**
**Amy B. Stern**
Signature of Debtor

```
American Express
Po Box 3001
16 General Warren Blvd
Malvern, PA 19355


Amex Dsnb
Po Box 8218
Mason, OH 45040


Bank Of America
4060 Ogletown/Stanton Rd
Newark, DE 19713


Barclays Bank Delaware
Attn: Bankruptcy
P.O. Box 8801
Wilmington, DE 19899


Beermann Pritikin Mirabelli Swerdlo
Attn:  Enrico Mirabelli, Esq.
161 N. Clark Street, Suite 2600
Chicago, IL 60601


Capital 1 Bank
Attn: Bankruptcy Dept.
Po Box 30285
Salt Lake City, UT 84130


Comenity Bank/Ann Taylor
Attention: Bankruptcy
Po Box 182686
Columbus, OH 43218


Comenity Bank/pier 1
4590 E Broad St
Columbus, OH 43213


Discover Fin Svcs Llc
Po Box15316
Wilmington, DE 19850


Dsnb Macys
9111 Duke Blvd
Mason, OH 45040
```

```
GECRB/Gap
Attn: bankruptcy
Po Box 103104
Roswell, GA 30076


Gecrb/Lowes
Attention: Bankruptcy Department
Po Box 103104
Roswell, GA 30076


JP Morgan Chase
POB 9001871
Louisville, KY 42290-1871


Norman Weinzweig
2017 N. Dayton Avenue
Chicago, IL 60614


Rosenfeld Hafron Shapiro & Farmer
Attn:  Maxine Weiss Kunz, Esq.
221 N. LaSalle Street, Suite 1763
Chicago, IL 60601


Victoria's Secret
Attention: Bankruptcy
Po Box 182125
Columbus, OH 43218
```